Filed 6/28/21  Patterson v. Rice CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DANITA E. PATTERSON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JENNIFER RAE RICE, Individually and as Trustee, etc.,<br><br>    Defendants and Respondents. | B294786<br><br>(Los Angeles County Super. Ct. No. SC128357) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lawrence Cho, Judge.  Affirmed.

Danita E. Patterson, in pro. per., for Plaintiff and Appellant.

Cunningham, Treadwell & Bartelstone and David S. Bartelstone for Plaintiff and Respondent

_____

Plaintiff and appellant Danita E. Patterson appeals from a judgment entered in favor of defendants and respondents Jennifer Rae Rice, Jennifer Rae Rice, as Trustee, and the Jennifer Rae Rice Revocable Trust (referred to collectively as Rice) after the superior court granted Rice's motion for judgment on the pleadings.[1]  This action is the latest in several unsuccessful legal challenges brought by Patterson to the 2010 foreclosure sale of certain residential property.  Because we conclude the action is barred by the three-year statute of limitations, we affirm.

## BACKGROUND

### 1.    The Loan and Trustee's Sale

On October 20, 2006, Patterson executed a promissory note and deed of trust encumbering real property located at 13020 Pacific Promenade, Unit 401, Playa Vista, to obtain a home loan in the principal amount of $541,600 from Pacific Mutual Funding, Inc., doing business as Pacific Residential Financing. The deed of trust named Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary and Ticor Title as the trustee.  The deed of trust was recorded with the Los Angeles County Recorder's Office on November 3, 2006.

In April 2008, Quality Loan Service Corporation was substituted as the trustee under the deed of trust and MERS assigned its rights in the deed of trust to Deutsche Bank National Trust Company (Deutsche Bank).

Patterson defaulted on her loan payments.  On May 5, 2008, Quality Loan Services Corporation issued and recorded a notice of default.  On November 2, 2009, Quality Loan Services

---

[1] Patterson represented herself in this appeal and in all related underlying actions.

Corporation initiated nonjudicial foreclosure proceedings pursuant to Civil Code section 2923.5 et seq. and recorded a notice of trustee's sale. The property was sold on May 24, 2010, for $429,000 to Deutsche Bank, the foreclosing beneficiary and the highest bidder at the trustee's sale, and a trustee's deed upon sale was recorded on or about June 1, 2010.

## 2.     First Lawsuit

On February 18, 2011, Patterson filed an action to quiet title against Deutsche Bank, Quality Loan Services Corporation, Pacific Residential Financing, and MERS, and recorded a lis pendens in the county recorder's office on February 28, 2011.

On March 18, 2011, Patterson sued these same defendants plus Ocwen Loan Servicing LLC in a first amended complaint for intentional misrepresentation, fraudulent concealment, breach of fiduciary duty, breach of covenant of good faith and fair dealing, violation of the Real Estate Settlement Procedures Act (RESPA), unfair and deceptive acts and practices, violation of the Truth In Lending Act (TILA), declaratory relief, quiet title, injunctive relief, and set aside trustee sale.

On April 7, 2011, some defendants removed the action to federal district court based upon the inclusion of the RESPA and TILA causes of action. Defendants moved to dismiss the first amended complaint on April 13, 2011. The district court heard and granted with prejudice defendants' motion to dismiss the first amended complaint as to all causes of action. In its July 14, 2011 order, the court stated Patterson "shall not have leave to amend her First Amended Complaint as to Defendants, as her First [intentional misrepresentation], Second [fraudulent concealment], Fifth [violation of RESPA violation], and Seventh [violation of TILA] claims are statutorily time barred against

3

these Defendants.  Further, [Patterson] has failed to state facts sufficient to allege any of her other claims against these Defendants, and has not indicated any ability to allege facts which would remedy the deficiencies in Defendants' Motion to Dismiss."

Patterson appealed from the district court's order of dismissal in the Ninth Circuit Court of Appeals.  On October 31, 2014, the circuit court affirmed the order, with the exception of Patterson's sixth cause of action for unlawful and unfair acts and practices, which the court found had been prematurely dismissed and sufficiently alleged, and remanded for Patterson to pursue her claim under California Business and Professions Code section 17200.

On remand, after the federal district court granted her request, Patterson filed a second amended complaint against the same previously named defendants on May 8, 2015.  Defendants filed an answer on June 1, 2015.  On January 21, 2016, the district court dismissed the complaint for lack of prosecution.  The court subsequently declined Patterson's motion to vacate the order of dismissal, which was later affirmed by the Ninth Circuit Court of Appeals.

### 3.    Second Lawsuit

On February 4, 2016, Patterson filed a verified complaint in federal district court against the same previously named defendants.  The complaint alleged causes of action for intentional misrepresentation, negligent misrepresentation, fraudulent concealment, promissory estoppel, and unfair competition (Bus. & Prof. Code, § 17200.)  Defendants filed answers to the complaint on May 3 and 9, 2016.

4

On September 16, 2016, defendants moved for judgment on the pleadings. Patterson filed notice of nonopposition and the federal district court granted defendants' motion for judgment on the pleadings, finding all causes of action were time-barred by the applicable statutes of limitation.

**4.      Current Lawsuit**

In May 2017, Rice acquired title to the property located at 13020 Pacific Promenade, Unit 401, Playa Vista, from Deutsche Bank. A grant deed was recorded in the Los Angeles County Recorder's Office on June 1, 2017. Rice filed an unlawful detainer action against Patterson, and prevailed, taking possession of the property.[2]

Patterson filed a complaint on November 9, 2017, and then a first amended complaint on March 19, 2018, against Rice in the superior court. The operative pleading, however, was the second verified amended complaint for cloud of title, which Patterson filed against Rice on May 14, 2018. Following a partially successful demurrer without leave to amend, only the first cause of action, for cancellation of instruments (Rice's grant deed), remained.

On November 8, 2018, Rice filed a motion for judgment on the pleadings, which is the subject of this appeal, and a request for judicial notice. Patterson filed opposition on November 20, 2018, and a motion for acceptance of exhibits on November 27, 2018. Rice filed a reply on November 28, 2018.

Following argument by the parties and consideration of all filed documents, on December 5, 2018, the superior court granted

---

[2] Patterson unsuccessfully attempted to remove the unlawful detainer action to federal district court. (*Rice v. Patterson* 2017 U.S. Dist. LEXIS 209431.)

5

judgment on the second amended complaint, specifically, the sole remaining cause of action for cancellation of instruments, based upon res judicata (collateral estoppel). The court entered judgment on February 8, 2019.

Patterson's application for reconsideration of the motion was denied, and she filed a notice of appeal. Patterson filed a proposed settled statement, and Rice filed a response. The superior court modified Patterson's proposed settled statement and certified it as modified.

## DISCUSSION

In her opening brief, Patterson contends the superior court erred by granting judgment on her second amended complaint "without evidence" of Deutsche Bank's wrongful foreclosure.

In response, Rice argues judgment on the pleadings was proper because the remaining cause of action for cancellation of instruments was barred by the statute of limitations and collateral estoppel. Patterson's reply briefly contests the superior court's ruling concerning collateral estoppel. She does not address Rice's statute of limitations argument. We agree Patterson's remaining cause of action for cancellation of instruments is untimely and the superior court properly granted Rice's motion for judgment on the pleadings.

1. **Standard of Review**

" 'A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action. [Citation.] A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.' " (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777; accord, *York v. City of Los Angeles* (2019) 33 Cal.App.5th 1178, 1193.)

" ' "We treat the pleadings as admitting all of the material facts properly pleaded, but not any contentions, deductions or conclusions of fact or law contained therein." ' " (*Tarin v. Lind* (2020) 47 Cal.App.5th 395, 403–404; accord, *Burd v. Barkley Court Reporters, Inc.* (2017) 17 Cal.App.5th 1037, 1042.) "If a judgment on the pleadings is correct on any theory of law applicable to the case, we will affirm it regardless of the considerations used by the superior court to reach its conclusion." (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 185; see *Monsanto Co. v. Office of Environmental Health Hazard Assessment* (2018) 22 Cal.App.5th 534, 544–545.)

## 2.   Statute of Limitations

A statute of limitations prescribes the period "beyond which a plaintiff may not bring a cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806.) It "strikes a balance among conflicting interests. If it is unfair to bar a plaintiff from recovering on a meritorious claim, it is also unfair to require a defendant to defend against possibly false allegations concerning long-forgotten events, when important evidence may no longer be available." (*Pooshs v. Philip Morris USA, Inc.* (2011) 51 Cal.4th 788, 797.) A plaintiff must bring a claim within the limitations period after the cause of action accrued, which happens " 'when the cause of action is complete with all of its elements.' " (*Fox v. Ethicon Endo-Surgery, Inc., supra,* 35 Cal.4th at p. 806; see Code Civ. Proc., § 312.) Under the " 'last element' " accrual rule, the statute of limitations ordinarily "runs from 'the occurrence of the last element essential to the cause of action' "—wrongdoing, causation, and harm. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.)

7

### 3. Patterson's Remaining Cause of Action for Cancellation of Instruments Was Time-barred

As noted, Patterson's sole remaining cause of action in her second amended complaint was for cancellation of instruments ("Cancellation of Defendants' [Rice's] Instrument(s) (i.e., Grant Deed"). Patterson's claim Rice's grant deed was fraudulent and thus voidable was premised on her allegations Deutsche Bank wrongfully foreclosed on the residential property "on May 24, 2010 lacking a duly perfected title and proper assignments" and "transferred the property through deceptive trade practices" to Rice. Patterson further alleged she would be deprived of the residential property to which she holds legal title.

Actions for wrongful foreclosure based "upon a liability created by statute, other than a penalty or forfeiture" are subject to a three-year statute of limitations. (Code Civ. Proc., § 338, subd. (a).) Where, as here, the wrongful foreclosure action is allegedly based upon fraud or mistake, a three-year statute of limitations applies. (*Id.*, § 338, subd. (d).) Such actions accrue when foreclosure proceedings are initiated (*Engstrom v. Kallins* (1996) 49 Cal.App.4th 773, 783), unless accrual is postponed by the discovery rule (*Fox v. Ethicon Endo-Surgery, Inc., supra,* 35 Cal.4th at pp. 806–807).

The complaint in this current lawsuit was filed in November 2017, more than seven years after the May 24, 2010 foreclosure by Deutsche Bank. Patterson fails to address the limitations periods and fails to argue why her claim for cancellation of instruments premised on an allegation of a 2010 wrongful foreclosure with a three-year statute of limitations is not time-barred. The arguments Patterson does raise—the superior court erred by taking the mandatory settlement

8

conference and related hearings off calendar, Rice and her counsel violated numerous unnamed statutes, Rice committed perjury, colluded with Deutsche Bank, and harassed Patterson, and Patterson's due process rights were violated because three different bench officers handled her proceedings, some of whom were purportedly biased against her and enabled defendants' fraud—are neither relevant nor persuasive.  To the extent Patterson also argues the merits of her wrongful foreclosure claim against Deutsche Bank, we need not address that argument in light of our conclusion her claim is untimely.

Accordingly, we conclude the superior court's judgment on the pleadings was proper.

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

9